IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BAILEY CLEMMONS,                    )
                                    )
     Petitioner-Plaintiff,          )
                                    )
     v.                             )     1:16cv482
                                    )
GUILFORD TECHNICAL COMMUNITY        )
COLLEGE, et al.,                    )
                                    )
     Respondent-Defendants.         )

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the "Motion For Remand" (Docket Entry 13) (the "Remand Motion") and the "Amended Motion for Remand" (Docket Entry 19) (the "Amended Remand Motion," and collectively with the Remand Motion, the "Motions") filed by Petitioner-Plaintiff Bailey Clemmons ("Plaintiff"). For the reasons that follow, the Court will deny the Motions.[1]

**BACKGROUND**

This action arises out of Plaintiff's long-term suspension from classes at Respondent-Defendant Guilford Technical Community College ("Defendant GTCC") for allegedly violating the student code of conduct. (See Docket Entry 2 at 1; Docket Entry 4 at 1-2.) Plaintiff contends that, during her enrollment in Defendant GTCC's

---

[1] For the reasons stated in William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012), the undersigned United States Magistrate Judge elects to enter an order rather than a recommendation regarding remand.

Dental Assisting Program, her family dog "was hit and killed by an automobile while [she] was walking [it]."  (Docket Entry 2, ¶¶ 3-4; Docket Entry 4, ¶¶ 5-6.)  Plaintiff further alleges that, after she "notified her instructors and classmates about the incident" (Docket Entry 2, ¶ 5; Docket Entry 4, ¶ 7), officials accused her of providing false information to a college official (Docket Entry 2, ¶¶ 6-7; Docket Entry 4, ¶¶ 8-9).  As a result, Plaintiff contends, school officials placed her "on Restricted Probation for four full semesters of study."  (Docket Entry 2, ¶ 7; Docket Entry 4, ¶ 9.)  Plaintiff further contends that she appealed that initial decision (Docket Entry 2, ¶ 8; Docket Entry 4, ¶ 10), and that school officials conducted a hearing at which counsel did not appear on her behalf (Docket Entry 2, ¶ 10; Docket Entry 4, ¶ 12). Following the hearing, Plaintiff alleges, she received notice of her immediate long-term suspension from Defendant GTCC.  (Docket Entry 2, ¶ 11; Docket Entry 4, ¶ 13.)  According to Plaintiff, she appealed her suspension to Respondent-Defendant Quentin Johnson, PhD, Vice President for Student Support Services ("Defendant Johnson," and collectively with Defendant GTCC, "Defendants"), who upheld the long-term suspension.  (Docket Entry 2, ¶ 15; Docket Entry 4, ¶ 17.)

On February 25, 2016, Plaintiff filed a "Petition for Judicial Review" (the "Petition") in the General Court of Justice, Superior Court Division, Durham County, North Carolina (the "State Court").

(Docket Entry 2; see also Docket Entry 1 at 1.)  The Petition (Docket Entry 2) and civil summons accompanying the Petition (Docket Entry 3) only named Defendant GTCC as a respondent-defendant (see Docket Entries 2, 3).  On March 3, 2016, Plaintiff served the Petition and civil summons on Defendant Johnson as well as on the president of Defendant GTCC.  (Docket Entries 21-1, 21-2; see also Docket Entries 13-3, 13-5.)  Pursuant to North Carolina General Statutes 115D-20(7) and 150B-43, the Petition requested "the court to review the action of the Student Conduct Appeal Committee at [Defendant GTCC] in upholding the long-term suspension of [Plaintiff]" (Docket Entry 2 at 1), alleging that the suspension violated the state and federal constitutions (id. at 4).  In terms of relief, the Petition requested reversal and expungement of Plaintiff's long-term suspension, expungement of Plaintiff's incomplete or failing grades, and a refund of "any tuition paid to [Defendant GTCC] by or on behalf of [Plaintiff]."  (Id. at 4-5.)

Meanwhile, on March 2, 2016, Plaintiff filed an "Amended Petition for Judicial Hearing and Complaint" (Docket Entry 4) (the "Complaint") in the State Court, again requesting "court review" of Plaintiff's long-term suspension pursuant to North Carolina General Statutes 115D-20(7) and 150B-43 (id. at 1).  Importantly, the Complaint added Defendant Johnson as a party to the action, and "allege[d] civil rights violations pursuant to 42 U.S.C. § 1983, the North Carolina Constitution and rights secured by the common

law of North Carolina." (Id.)  With regard to the new state and federal claims, the Complaint alleges, inter alia, that,

> [b]y imposing a long term suspension on [Plaintiff], in retaliation for her exercising her First Amendment rights, [Defendants] violated [Plaintiff's] rights protected by the First and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983 and the North Carolina Constitution as guaranteed by the Declaration of Rights.
>
> [Defendants] lack of notice, escalating punishments, punishment that shocks the conscience and denial of counsel resulting in imposition of a long term suspension of [Plaintiff] violated her right to procedural and substantive due process protected by the Fifth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983 and the North Carolina Constitution as guaranteed by the Declaration of Rights.

(Id. at 5 (paragraph numbering omitted).)  Additionally, beyond the relief requested in the Petition, the Complaint sought "attorneys' fees and costs as allowed by 42 U.S.C. § 1988," and, "[i]n the alternative, . . . a permanent injunction and equitable relief including reinstatement . . . ."  (Id. at 6.)  Plaintiff obtained an Alias and Pluries Summons (the "Summons") for the Complaint, naming both Defendant GTCC and Defendant Johnson. (Docket Entry 1-1 at 9.)

On or about March 11, 2016, Plaintiff provided a copy of the Complaint and Summons to Defendant GTCC's counsel, along with a letter indicating that the Complaint and Summons "ha[d] been sent to [the] Sheriff for service."  (Docket Entries 13-3, 13-5; see also Docket Entry 22 at 4 ("A courtesy copy of the [Complaint and

-4-

Summons] was sent to counsel for Defendants by fax on 11 March 2016.").)  On April 21, 2016, Plaintiff "served by Sheriff" the Complaint and Summons on Defendants.  (Docket Entry 14 at 2; see also Docket Entry 13, ¶ 6 ("Defendants were served with the [Complaint], which includes claims pursuant to 42 U.S.C. § 1983 on April 21, 2016.").)  Defendants filed a "Notice of Removal" (Docket Entry 1) (the "Removal Notice") on May 17, 2016, notifying Plaintiff of the removal of this action from the State Court to this Court "on the grounds that it is an action in which the District Courts have original jurisdiction pursuant to 28 U.S.C. § 1331" (id. at 1).  In turn, Plaintiff filed the Motions, seeking to return this action to the State Court.  (See Docket Entries 13, 19.)

## ANALYSIS

Plaintiff asserts one procedural and one jurisdictional argument in favor of remand.

### I. Timeliness of the Removal Notice

From a procedural perspective, Plaintiff contends that Defendants untimely filed the Removal Notice.  (Docket Entry 14 at 5-8.)  In particular, Plaintiff argues that Defendants had only 30 days from "receipt" of the Complaint to file the Removal Notice (id. at 5), and that Defendants received "a copy of the [Complaint]" on March 11, 2016 (id. at 2), but did not file the

-5-

Removal Notice until May 17, 2016 (id. at 6), necessitating remand to the State Court (id. at 8).

A party may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts of the United States "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1446, a removing party must remove an action to federal court within 30 days of:

> the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Finally, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

Here, the Complaint includes a cause of action under 42 U.S.C. § 1983 regarding Defendants' alleged violations of Plaintiff's

-6-

rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution. (See Docket Entry 4 at 4-5.) This Court possesses original jurisdiction over Plaintiff's Section 1983 claim as it arises under federal law, see 28 U.S.C. § 1331, making the Complaint removable, see 28 U.S.C. § 1441(a). Further, Plaintiff did not identify Defendant Johnson as a party in the Petition (see Docket Entry 2) or accompanying civil summons (see Docket Entry 3). Therefore, Defendant Johnson's 30-day removal period started only upon proper service of the Complaint and Summons. See 28 U.S.C. § 1446(b)(1).

Plaintiff contends that she achieved service on Defendant Johnson as well as Defendant GTCC on March 3, 2016. (Docket Entry 21 at 4-5 ("The action was served on [D]efendants on March 3, 2016," and "[t]he affidavit of service filed together with the signed return receipt established a rebuttable presumption that [D]efendants were served.").) Plaintiff further contends that she amended the "action" and served a copy of the amended pleadings on Defendants' counsel on March 11, 2016, commencing the 30-day removal period. (Id. at 5.) Plaintiff's argument fails because the Petition and civil summons delivered to Defendant Johnson on March 3, 2016, did not name him as a defendant. (See Docket Entry 2; Docket Entry 1-1 at 9.) Therefore, Plaintiff had to achieve formal service of process of the Complaint and Summons on Defendant Johnson. See N.C. Gen. Stat. § 1A-1, Rule 4(j).

-7-

Moreover, Plaintiff has failed to establish that Defendants' counsel possessed authority to accept service of the Complaint and Summons on Defendant Johnson's behalf.[2] Thus, Defendant Johnson's 30-day removal period commenced on April 21, 2016, when Plaintiff "served by [s]heriff" the Complaint and Summons on Defendant Johnson (Docket Entry 14 at 2). See 28 U.S.C. § 1446(b)(2)(B). Defendant Johnson filed the Removal Notice on May 17, 2016 (Docket

---

[2] Plaintiff alleges that "Defendants' counsel had previously required all communications with [Defendants] to be directed to her, in lieu of the [D]efendants." (Docket Entry 21 at 5 n.2.) In support of this argument, Plaintiff points to an email that Defendants' counsel sent to Plaintiff's counsel on November 30, 2015. (Docket Entry 13-2.) However, that email states in relevant part only: "Our firm represents [Defendant] GTCC with respect to the [Plaintiff's] matter. Please direct all future communications related to this matter to my attention." (Id.) Because that email identifies only Defendant GTCC as counsel's client, it cannot provide a basis to treat the delivery of the Complaint and Summons to counsel as effective service of process on Defendant Johnson. Further, in opposing the Motions, said counsel provided an affidavit averring that she lacks authority from Defendants to accept service on their behalf. (Docket Entry 18, ¶¶ 5-7.) "'The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service . . . . Instead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service.'" Brown v. Blue Cross & Blue Shield of N.C., 226 F.R.D. 526, 528 n.4 (M.D.N.C. 2004) (quoting United States v. Ziegler Bolt & Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997)); see also In re Game Tracker, Inc., 746 F. Supp. 2d 207, 214 (D. Me. 2010) (collecting cases holding that the attorney-client relationship by itself remains insufficient to establish authority to accept service). Accordingly, Plaintiff failed to achieve service upon Defendant Johnson by sending the Complaint and Summons to Defendants' counsel on March 11, 2016. See Maiz v. Virani, 311 F.3d 334, 340 (5th Cir. 2002) (ruling service of process on party's attorney invalid, absent showing that attorney had actual authority to accept service).

-8-

Entry 1), within 30 days of April 21, 2016, and Defendant GTCC properly joined in Defendant Johnson's removal of the action to this Court, see 28 U.S.C. § 1446(b)(2)(C). Accordingly, Defendants timely filed the Removal Notice.[3]

---

[3] Plaintiff's reliance on the so-called "receipt rule" (Docket Entry 14 at 5-6) does not require a different result. "Pursuant to the 'receipt rule' no service is required, '[a]ll that is required is that the defendant receive, through service or otherwise, a copy of an "initial pleading" from which the defendant can ascertain that the case is one which is or has become removable.'" (Id. (quoting Dial-In, Inc. v. ARO Corp., 620 F. Supp. 27, 28 (N.D. Ill. 1985))).) "The 'receipt rule' embodied the notion that the removal period under Section 1446(b) began to run on receipt of a copy of the complaint, however informally, despite the absence of any formal service of process." Triad Motorsports, LLC v. Pharbco Mktg. Grp., Inc., 104 F. Supp. 2d 590, 595 n.3 (M.D.N.C. 2000). However, "the Supreme Court [has] rejected the 'receipt rule,'" id., holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service," Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (emphasis added). Thus, Plaintiff's provision of the Complaint and Summons to Defendants' counsel failed to initiate the removal period. See, e.g., Savitamagan, LLC v. Seneca Ins. Co., Inc., No. 1:16CV328, 2016 WL 4186999, at *1-2 (M.D.N.C. Aug. 8, 2016) (concluding that Section 1446(b)'s 30-day removal period began to run upon formal service, rather than upon the defendant's receipt of the complaint through email); Hill v. Equifax Info. Servs. LLC, No. 1:11CV107, 2011 WL 1675045, at *2 (M.D.N.C. May 3, 2011) (recommending denial of the plaintiff's motions to remand because "[t]he failure of service of process with regard to the original complaint is fatal to [the p]laintiff's argument that [the d]efendant's removal of th[e] action was untimely"), recommendation adopted, slip op. (M.D.N.C. Aug. 26, 2011).

## II. Jurisdiction Over Claim for Review of Administrative Decision

Plaintiff's second argument in favor of remand concerns the Court's jurisdiction over this civil action. Plaintiff contends that "the core claim in this matter [falls] under the [North Carolina Administrative Procedures Act (the "Act")], which provides exclusively for state court review" (Docket Entry 24 at 3), thus depriving this Court of subject matter jurisdiction over that claim (Docket Entry 21 at 2 (asserting that this Court "does not have jurisdiction over [Plaintiff's] state claim for relief to vacate her expulsion under the Act")). Plaintiff further argues that "this [C]ourt should not exercise supplemental jurisdiction" because "state law claims predominate over any alleged federal law claims." (Docket Entry 20 at 3-4.) Finally, Plaintiff appears to suggest that, because her state law claim(s) should not proceed in federal court, the Court should remand the entire action, including the federal constitutional claim(s) brought under Section 1983. (See Docket Entry 24 at 2-3.)

As a preliminary matter, pursuant to 28 U.S.C. § 1367(a),

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

-10-

28 U.S.C. § 1367(a). "[W]hether the federal-law claims and State-law claims are part of the same case is determined by whether they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 615 (4th Cir. 2001) (internal brackets and quotation marks omitted).

"[T]o say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims . . . does not mean that the jurisdiction *must* be exercised in all cases." City of Chicago v. International College of Surgeons, 522 U.S. 156, 172 (1997). Generally, "district courts should deal with cases involving [such state law] claims in the manner that best serves the principles of economy, convenience, fairness, and comity . . . ." Id. at 172-73 (internal brackets and quotation marks omitted). A court thus may decline to exercise supplemental jurisdiction over state law claims that "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2); see also Bagley v. Provident Bank, No. Civ. WDQ-05-0184, 2005 WL 1115245, at *1 (D. Md. Apr. 26, 2005) (explaining that, to substantially predominate, "a state claim must be more important, more complex, more time consuming to resolve, or in some way more significant than its federal counterpart," which "will normally be the case

-11-

only when 'a state claim constitutes the real body of a case, to which the federal claim is only an appendage'" (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995)). Even then, any federal claims would remain in federal court. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966) (observing that, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals" (emphasis added)); see also Burgess v. Corporation of Shepherdstown, No. 3:11-CV-109, 2012 WL 664495, at *3 (N.D. W. Va. Feb. 28, 2012) (remanding state law claims pursuant to 28 U.S.C. § 1367, but retaining jurisdiction over federal claim).

Turning to Plaintiff's argument regarding this Court's jurisdiction to review Defendants' decision upholding Plaintiff's long-term suspension, North Carolina law provides that a petition for review of a final decision "must be filed in the superior court of the county where the person aggrieved by the administrative decision resides." N.C. Gen. Stat. § 150B-45(a)(2). Nevertheless, in a closely analogous situation, the United States Supreme Court held that federal courts may exercise supplemental jurisdiction over a state law claim involving on-the-record review of an administrative decision, even where state law authorized such

-12-

challenges only in state court.  See Chicago, 522 U.S. at 174 (stating that "[t]he [d]istrict [c]ourt properly recognized that it could exercise supplemental jurisdiction over [the plaintiffs'] state law claims, including the claims for on-the-record administrative review of the [municipal] [l]andmarks [c]ommission's decisions").

In Chicago, the plaintiffs sought judicial review of a final decision of a municipal landmarks commission that refused them demolition permits.  Id. at 159-60.  Under Illinois law, "judicial review of final decisions of a municipal landmarks commission lies in state circuit court."  Id. at 159.  The defendants, however, removed the action to federal court on the basis that the case included "both federal constitutional and state administrative challenges to the [c]ommission's decisions."  Id.  The Supreme Court concluded that the "state court complaints raised a number of issues of federal law in the form of various federal constitutional challenges to the [relevant] [o]rdinances, and to the manner in which the [c]ommission conducted the administrative proceedings."  Id. at 164.  Because the federal courts possessed original jurisdiction over those federal constitutional questions, the Supreme Court ruled that the district court could exercise supplemental jurisdiction over the state law claim seeking review of the commission's decision.  Id. at 174.

-13-

Here, the Court possesses original jurisdiction over the claims in the Complaint that arise under federal law and the United States Constitution. 28 U.S.C. § 1331.[4] Further, this case involves not only a petition for judicial review of an administrative decision based (at least in part) on alleged federal constitutional violations, but also a federal claim under Section 1983 with a specific request for relief under Section 1988. (See Docket Entry 4 at 4-6.) Therefore, supplemental jurisdiction attaches to any state law claim in the Complaint, so long as that state claim forms part of the same "case or controversy" as the federal claim(s). See Chicago, 522 U.S. at 165 (concluding that, "once the case was removed, the [d]istrict [c]ourt had original jurisdiction over [plaintiffs'] claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute 'other claims that . . . form part of the same case or controversy'" (quoting 28 U.S.C. 1367(a))).

The Complaint seeks relief under state law from Defendants' administrative decision(s), based on: (1) the conclusion that

---

[4] Plaintiff contends that her "[r]elief may be based solely on state law grounds, thereby avoiding any federal question." (Docket Entry 21 at 3.) This contention fails because the Complaint expressly asserts a federal law claim under Section 1983 (Docket Entry 4 at 4-5). See Daly v. Zobel, 311 F. App'x 565, 567 (4th Cir. 2008) (observing that, because "[42 U.S.C.] § 1983 is specifically referenced in [the complaint]," the district court "had jurisdiction under [28 U.S.C.] § 1331").

-14-

Plaintiff violated the student code of conduct was "arbitrary and capricious," (2) the "application of increasing levels of punishment in response to [Plaintiff's] appeals [wa]s an arbitrary and capricious application of discipline," (3) portions of the student code of conduct "are void for vagueness, ambiguous and overbroad," (4) Plaintiff "has been deprived a property and contractual right without due process of law," (5) the suspension resulted from Plaintiff's speech, which "violates her rights under the First Amendment to the United States Constitution and Article 1, § 14 of the North Carolina Constitution," (6) Plaintiff suffered a violation of her federal and state constitutional due process rights "to have counsel participate at the factual hearing before school administrators," and (7) the long-term suspension "deprive[d] [Plaintiff] of her property right to education, guaranteed in the United States and North Carolina Constitutions." (Docket Entry 4 at 4-5.) Plaintiff's Section 1983 claim relies on the exact same allegations. (See id.) Thus, Plaintiff's state law claim(s) form part of the same case or controversy and derive from a common nucleus of operative fact as her federal claim(s). Accordingly, the Court possesses supplemental jurisdiction over Plaintiff's state law claim(s). See Chicago, 522 U.S. at 164-65.

Further, the close interrelationship between Plaintiff's state and federal claims, including the relief requested, forecloses any finding that state claim(s) predominate over federal claim(s). See

-15-

Romero v. Mountaire Farms, Inc., 796 F. Supp. 2d 700, 711 (E.D.N.C. 2011) (observing that "the substance and basis of the [federal] claims and the state law claims [in the complaint] are virtually indistinguishable," and concluding that, "[b]ecause the state law claims essentially replicate the [federal] claims, the state law claims plainly do not predominate" (internal brackets and quotation marks omitted)); Hunter by Conyer v. Estate of Baecher, 905 F. Supp. 341, 344 (E.D. Va. 1995) (rejecting the plaintiffs' argument that their state law claims substantially predominate over their federal claims where the pleading "create[d] no distinction between the federal and state claims in terms of the remedy sought"). Moreover, resolution of Plaintiff's federal and state claims in one action will alleviate the risk of inconsistent rulings from multiple tribunals, and will best serve the interests of economy, convenience, and fairness. See generally Chicago, 522 U.S. at 172-73. As a result, the Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claim(s).

## **CONCLUSION**

In sum, Defendants timely filed the Removal Notice and this Court possesses supplemental jurisdiction over Plaintiff's state law claim(s), including the challenge to her long-term suspension, which it should exercise.

**IT IS THEREFORE ORDERED** that the Remand Motion (Docket Entry 13) and the Amended Remand Motion (Docket Entry 19) are both **DENIED.**

                               /s/ L. Patrick Auld
                                 **L. Patrick Auld**
                         **United States Magistrate Judge**

October 17, 2016